State of Louisiana vs. Hamp Mullen.

No. 8036.

STATE OF LOUISIANA VS. HAMP MULLEN.

33 159
49 1744

·The District Court having admitted the testimony of a convicted felon, notwithstanding the Defendant's objection, the verdict of the jury must be set aside and a new trial granted, although the objectionable witness testified he knew nothing about the case.

APPEAL from the Second Judicial District Court, parish of Bossier. Drew, J.

J. A. W. Lowry, District Attorney, and J. C. Egan, Attorney General, for the State, Appellee.

W. G. McDonald, and J. Henry Shepherd for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The defendant, having been convicted of the crime of rescuing persons committed to prison for capital crimes, and having been sentenced to imprisonment for two years·in the State Penitentiary, has taken this appeal, and relies for reversal of the judgment on a bill of exceptions taken from the ruling of the District Judge in admitting as a witness on behalf of the State one Thomas Campbell, a convicted and unpardoned felon.

The bill shows that defendant objected to the witness on account of his alleged incompetency, which was proved by the record of the court by which he had been convicted and sentenced, notwithstanding which ·objection and proof the witness was sworn and allowed to testify.

The judge assigns in the bill as reasons to justify his course, that the accused was not injured by the obnoxious witness, who stated that he knew nothing of the case, as he was asleep in the jail at the time that the rescue was effected.

We are at a loss to conceive how such a circumstance could justify ·the court in allowing an incompetent witness to testify in the case.

We are yet to learn that the nature or character of the testimony which may or may not be given by a proffered witness can be used as a test of his competency to be heard in evidence.

Under the common law, felons are incapacitated from testifying by reason of their infamy, and because of their want of honor and honesty ₅their oath is entitled to no weight.

As soon as proof is made of the witness' conviction and sentence of an infamous crime, his mouth is sealed, and he cannot be heard, without considering the nature or effect of the testimony which he might give.

In this case proof having been given of the conviction and sentence ·of Thomas Campbell, objection having been made by the defendant to

his being sworn and heard as a witness, for reason of his infamy, it was the bounden duty of the judge to exclude his testimony. Under the ruling of the judge the accused has not had a fair and impartial trial, (16 An. 273), and he is, therefore, entitled to relief.

It is, therefore, ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment of the lower court annulled, avoided and reversed. And it is further ordered that the cause be remanded to the lower court for a new trial according to law, and to the views herein expressed.